NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2016[*]
Decided January 7, 2016

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 15-3029 & 15-3030

| | |
|---|---|
| BENEDICT NICHOLS, <br> *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | Nos. 15-CV-1069 & 15-CV-1070 |
| STATE OF WISCONSIN, <br> *Defendant-Appellee*. | William E. Duffin, <br> *Magistrate Judge*. |

## O R D E R

Benedict Nichols appeals from the dismissal of his civil complaints for failure to state a claim. We dismiss the appeal.

Nichols filed two civil-rights complaints against the State of Wisconsin challenging his past state convictions. In the first complaint, he alleged that he found several problems with his 1994 misdemeanor convictions for sexual assault and lewd

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

and lascivious behavior, including that there was "NO Citation and or ticket; NO Arresting officer do to the complaint being a week late or a week prior; the case number is not a case number at all; there is no year or charge." In his second complaint, he challenged his 1997 conviction for operating a vehicle while under the influence, alleging that the citation he received misidentified the color of his car as grey, rather than brown. In both complaints Nichols accused various state officials of wrongdoing, including failing to acquit him of the offense, not knowing the case number, and failing to arrest others. In both complaints Nichols requests the same relief: "Acquit me of this Judgment so I can sue[.] Wisconsin need's its Justice Back! You can't keep the Felon's in all are legal offices; on the bench and with a badge."

The district court granted Nichols's leave to proceed in forma pauperis and then dismissed the complaints at screening for failure to state a claim. *See* 28 U.S.C. §1915(e)(2)(B)(ii). The court reasoned that Nichols may not challenge his convictions under 42 U.S.C. § 1983 because they have not been reversed or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). And even if his convictions had been reversed, the court continued, the six-year statute of limitations for constitutional claims has long expired, *see* WIS. STAT. § 893.53; *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989), and any claim for damages against the State of Wisconsin would be barred by the Eleventh Amendment, *see Thomas v. State of Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Nor may Nichols seek relief through a petition for habeas corpus because he no longer is in custody. Concluding that the defects in Nichols's complaints could not be cured, the court dismissed the complaints in their entirety.

Nichols, proceeding pro se, raises no discernable argument on appeal. His two-paragraph brief merely restates some of the allegations in his complaints, supplemented by police reports and court documents related to his prior convictions. But his brief does not address the district court's decision to dismiss his complaints or any of the district court's reasons for doing so. Although we construe pro se briefs generously, an appellate brief still must contain a cogent argument and reasons supporting it, with citations to relevant authority and parts of the record on which the appellant relies. *See* FED. R. APP. P. 28(a)(8); *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Because Nichols has presented no arguments as to why his claims should not be dismissed, we are left with nothing to review.

DISMISSED.